## Case No. 1,797.

### BRADY v. The NEW PHILADELPHIA.

[19 How. Pr. 315.]

Circuit Court, D. New York. Oct. Term, 1859.[1]

COLLISION—DAMAGES—DEMURRAGE.

On exceptions, in a case of collision, the amount allowed a barge for demurrage, while undergoing repairs, was *held* erroneous, where it appeared by the proofs that fifteen days elapsed after the barge was raised, and the owner had notice of the fact before he began to discharge her of her cargo. The fifteen days' estimated service was not chargeable to the respondent. Also, a pro rata abatement for wharfage. A charge of $60 for clothes of the master lost in the vessel, *held* not chargeable to the respondent.

[See note at end of case.]

[On exceptions to commissioner's report.

[In admiralty. Libel by Patrick F. Brady, owner of the barge Owen Gorman, against the steamboat New Philadelphia, (the Camden & Amboy Railroad & Transportation Company, claimant), for damages sustained by a collision. The libel was dismissed in the district court, but on appeal to the circuit court, upon new proof, there was a decree in favor of libelant, and reference to assess the damages.] This is a motion to set aside the report of the commissioner on an assessment of damages. [Sustained in part, and overruled in part.]

Mott & Murray, for exceptions.
Burrill, Davidson & Burrill, in opposition.

NELSON, Circuit Justice. Among other exceptions, one is to the amount allowed the vessel for demurrage while undergoing repairs, because (1) the value of the use of the vessel, or what she could have been hired for on account of the demand for vessels of this class, as allowed, is too high upon the proofs in the case, and (2) the time for which the

allowance was made is not warranted by the evidence.

In respect to the first ground, we are of the opinion that the evidence supports the allowance according to the principles governing this question, as laid down in the case of Williamson v. Barrett, 13 How. [54 U. S.] 106.

Upon the second ground we think the commissioner erred, as it was in proof that some fifteen days elapsed after the barge was raised, and the owner had notice of the fact before he began to discharge her of the coal, and we see no explanation or contradiction of this evidence. There was allowed for the use of the vessel $12 per day. There must be a deduction, therefore, from this item of $180.

There is also an exception to the allowance for the wages of the master of the barge, and for clothing lost in the vessel. His wages were $35 per month, and $12 per month for board. The aggregate, with some other expenses, is put at $175, and $60 for his clothes lost. This last item must be stricken out, as not an item belonging to the libelant, and a deduction must be made for the fifteen days' service not chargeable to the respondent. Also a pro rata abatement for wharfage. The counsel can agree on this.

The remaining exceptions we think are not well founded.

[NOTE. Libelant appealed to the circuit court, which reversed the decree of the district court. Thereupon claimants appealed to the supreme court, which affirmed the circuit court decree upon the grounds that the collision and sinking of the Gorman were the results of her having been brought, by the steamer's fault, into collision with the sloop and the fender which was put out to ward off an impending blow, and the heavy pressure upon her by the steamer and the loaded barges which she had at that moment in tow; that putting out the fender for such a purpose was no fault upon the part of the sloop, as at most it was the case of a third party sustaining an injury to his property from the co-operating consequences of two causes, libelant being entitled to compensation for loss from either one or both of the persons producing them, according to the circumstances of the incident, and particularly so from the one of the two who had undertaken to convey his vessel with care and skill to its destination; also on the further ground that libelant's testimony showed that the Gorman was tight, stanch, and strong at the time of the collision; that the interval of its happening and of the sinking of the barge did not exceed one hour; and that she sank in twenty minutes after she had been cast off by the steamer at her place of destination; and that there had been no other collision to justify a conclusion that the injury sustained had been occasioned otherwise than as described by the libelant. Camden & A. R. R. & T. Co. v. Brady, 1 Black (66 U. S.) 62.]

---

[1] [Reversed by the circuit court (case unreported), and decree of the circuit court affirmed by supreme court in Camden & A. R. R. & T. Co. v. Brady. 1 Black (66 U. S.) 62.]

BRADY'S BEND IRON CO. (M. & M. NAT. BANK OF PITTSBURGH v.). See Case No. 9,018.